68752. DeBERRY v. THE STATE.

DEEN, Presiding Judge.

Charles DeBerry entered a guilty plea to child abandonment on March 22, 1982, and was sentenced to pay the amount of child support required under a prior divorce decree. He received a twelve-month sentence, to be suspended as long as he kept his payments current. On January 24, 1984, the probation office filed a petition to revoke the suspended sentence because DeBerry was $3,508 in arrears. On February 29, 1984, the court found appellant to be in arrears and ordered that the arrearage and support payments be current by July 1, 1984, or the suspended sentence would be revoked. DeBerry appeals, contending the court erred in revoking the suspended sentence where the evidence showed he was paying all he was financially able to pay, and that the court erred in failing to consider his motion to reduce the amount of child support. *Held:*

In entering his guilty plea in March 1982, appellant did not con-

tend he was unable to pay the amount of child support required under the divorce decree. OCGA § 42-8-34 (d) (4) (Code Ann. § 27-2709 (d) (4)) provides for judicial review and modification of a support order based on the defendant's ability to furnish support and the adequacy of the present support payment as it pertains to the child's need. However, such a review cannot be made at less than two-year intervals. We find that appellant in the instant case was premature in making his motion to reduce support. We also find that the trial court carefully reviewed the evidence and did not abuse its discretion in allowing DeBerry four months in which to become current in his support obligations.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 3, 1984.

*Martin L. Cowen III*, for appellant.
*Johnnie L. Caldwell, Jr.*, District Attorney, *J. David Fowler, Paschal A. English, Jr.*, Assistant District Attorneys, for appellee.